## Judges, Officers, Proceedings, Sessions and Opinions

## SUPREME COURT of OHIO

### COLUMBUS

Chief Justice—C. T. Marshall, Zanesville.

Judges—R. M. Wanamaker, Akron; Thomas A. Jones, Columbus; Edward S. Matthias, Van Wert; James E. Robinson, Marysville; Florence E. Allen, Cleveland; Robert H. Day, Massillon.

Clerk—Seba H. Miller, Springfield.

Deputy Clerks—Thos. J. Edwards, Lawrence J. Corcoran.

Regular Term—First Tuesday after first Monday of January, at Columbus.

Reporter—John W. L. Henney, Columbus; Bell.

Assistant Reporters—Clinton Collins, H. L. Connett, Columbus.

### LAW LIBRARY

Librarian—Louis McCallister, Columbus.

Assistants—Robert L. Hoyt, James P. Martindale, A. W. Buckmaster, W. W. McDonald, all of Columbus; Philip Allen, New Lexington.

### DECIDED CASES

### July 3, 1923
### SYLLABI

No. 17763—The Mason Tire & Rubber Co. v. John N. Lansinger. Error to the Court of Appeals of Portage county.

EVIDENCE—(1) Interrogatories, limited to questions of fact, under 11463 GC.—(2) Application of to conclusions or fact and law—Brier Hill case 93 OS. 300 approved.

WANAMAKER, J.

1. Under Section 11463, General Code, the interrogatories are limited to the "particular questions of fact."

2. An interrogatory sough to be submitted under that section, requesting the jury to find as to "reasonable warning," reasonable signals, or reasonable care and the like, calls for conclusions of fact, or conclusions of mixed fact and law, and is not authorized by that statute. (Brier Hill Steel Co. v. Ianakis, 93 Ohio St., 300, 303, approved and followed.)

Judgment affirmed.

Marshall, C. J., Day and Allen, JJ., concur. Jones, J., dissents.

---

Nos. 17819, 17838—George D. Meeker et al v. John K. Scudder et al. Error to the Court of Appeals of Hamilton county.

MEDICAL BOARD—(1) Act, 109 OL. 105—Constitutionality of—(2) Right of appeal—(3) Applicants for license to practice—Class suit not authorized—(4) Actions against board—Jurisdiction of—11271 GC.

WANAMAKER, J.

1. The administrative code, Vo. 109 Ohio Laws, 105 et seq., so far as it affects the Ohio State Medical Board, does not violate any provision of the state or federal constitution.

2. The law having provided for an appeal from the action of the State Medical Board, a party who has not exhausted his rights under such appeal cannot invoke a court of equity to enjoin the operation of the law upon the ground that the statute is in violation of some provision of the constitution.

3. Applicants for a license to practice any calling or profession under the laws of the State of Ohio must stand upon their individual rights and qualifications, and they may not join for the purpose of instituting a class suit to determine the unconstitutionality of an act of the general assembly.

4. Under Section 11271 General Code, actions against the Ohio State Medical Board ond other public officers having their official places of business in Franklin county, and in no other county, can be instituted only in Franklin county.

Judgment affirmed.

Marshall, C. J., Robinson, Jones, Matthias, Day and Allen, JJ., concur.

---

No. 17896—Anna Krusoczky v. The State of Ohio. Error to the Court of Appeals of Montgomery county.

INTOXICATING LIQUORS—(1) Actions under 6212-15, 16 GC. averments, as to nature of possession—(2) Sections constitutional.

DAY, J.

1. In a prosecution under Sections 6212-15 and 6212-16, General Code, for the unlawful possession of intoxicating liquor, it is not necessary to aver that the same was possessed for beverage purposes, or as a beverage.

2. Sections 6212-15 and 6212-16, General Code, are not in contravention of the Eighteenth Amendment of the United States Constitution, nor Section 9 of Article XV of the Constitution of the State of Ohio.

Judgment affirmed.

Marshall, C. J., Wanamaker, Robinson, Jones, Matthias and Allen, JJ., concur.

---

No. 17775—Industrial Commission of Ohio v. Lillian Everett, as next friend of Lillian Simmons et al. Error to the Court of Appeals of Tuscarawas county.

WORKMEN'S COMPENSATION—Independent contractors, not comprehended in Par. 3, Secs. 1465-61 GC., 108 OL. 316—not employees.

JONES, J.

An employe of an independent contractor who neither contributes to the state insurance fund nor employs five or more workmen is no comprehended within the provisions of paragraph 3 of Section 1465-61, General Code (108 O. L., pt. 1, 316). and cannot "be considered as the employe of the person who has entered into a contract" with such independent contractor.

Judgment affirmed.

Marshall, C. J., Robinson, Matthias and Day, JJ., concur. Allen, J., concurs in the judgment.